UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| TYRONE NATHAN, SR., | ) | |
| Petitioner, | ) | |
| v. | ) | No. 2:19-cv-00605-JMS-MJD |
| T. WATSON, | ) | |
| Respondent. | ) | |

**Entry Denying Petition for a Writ of Habeas Corpus**

Petitioner Tyrone Nathan, Sr., is currently in the custody of the Federal Bureau of Prisons (BOP). He brings this action pursuant to 28 U.S.C. § 2241. That habeas provision establishes a mechanism for a federal inmate who is "in custody" to challenge the execution of (rather than the imposition of) his sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Specifically, Mr. Nathan argues that his sentence has been incorrectly calculated and requests to be immediately transferred to a halfway house and then to home confinement. Dkt. 1 at 3.

For the reasons explained below, Mr. Nathan's emergency motion for immediate action filed February 27, 2020, dkt [13], is **granted**[1] to the extent that the Court issues the following ruling: Mr. Nathan's petition is **denied**, and this action shall be dismissed with prejudice.

**I. Background**

On August 10, 2011, the United States District Court for the Western District of Michigan sentenced Mr. Nathan to 168 months of incarceration pursuant to his plea of guilty to

---

[1] The Court recognizes that Mr. Nathan's emergency motion sets forth facts that reflect that he is suffering abuse and mental health deterioration in custody. He should bring these concerns to the attention of his custodian. In addition, the Court notes that Mr. Nathan has pending civil rights actions in this Court where he can raise his claims related to his conditions of confinement. These allegations are outside the scope of this habeas action.

one count of conspiracy to commit robbery affecting commerce in violation of 18 U.S.C. § 1951. Judgment in a Criminal Case at 1–2, Dkt. 251, *United States v. Nathan*, No. 1:10-cr-00072-RJJ (W.D. Mich. Aug. 10, 2011). On December 2, 2014, in accordance with Amendment 782 to the Federal Sentencing Guidelines, the sentencing court reduced Mr. Nathan's term of imprisonment to 130 months.

Mr. Nathan is presently housed at the Federal Correctional Complex in Terre Haute, Indiana (FCC – Terre Haute). Dkt. 11-1, Declaration of Angela Kelly ("Kelly Decl.") at ¶ 3. His full term-release date is March 17, 2021, but the BOP's website reflects that with good time credit, he could be released as early as November 1, 2020. *Id.* at ¶ 7.

On December 12, 2019, Mr. Nathan filed the instant petition, in which he contends that he is entitled to immediate placement in a halfway house and that his sentence has been miscalculated. The United States responded, and Mr. Nathan has filed a reply.

## II. Discussion

Mr. Nathan uses this § 2241 petition to challenge the calculation of his federal sentence and his placement. The United States argues that Mr. Nathan is not entitled to relief because he has not shown that his custody violates the Constitution or laws of the United States.

### A. Halfway House and Home Confinement Placement

Mr. Nathan argues that he has a right to immediate placement in a halfway house and then on May 1, 2020, a right to transfer to home confinement. The United States argues that Mr. Nathan is mistaken because, "[t]here is no constitutional or inherent right for a convicted person to be conditionally released before expiration of a valid sentence." *Thompson v. Veach*, 501 F.3d 832, 835–36 (7th Cir. 2007) (*quoting Greenholtz v. Inmates of Neb. Penal & Correctional*

*Complex*, 442 U.S. 1, 7 (1979)). The United States is correct that Mr. Nathan does not have a constitutional or statutory right to placement in a halfway house or home confinement.

In addition, Mr. Nathan has not asserted sufficient facts to allege an equal protection claim. Specifically, he has not alleged "that he was a member of a protected class and that he was treated differently from a similarly situated member of an unprotected class" or that any differential treatment was "motivated by a discriminatory purpose" as required to state an equal protection claim. *Alston v. City of Madison*, 853 F.3d 901, 906 (7th Cir. 2017) (internal quotations omitted). Accordingly, Mr. Nathan's equal protection claim is denied because he has failed to present any evidence of different treatment.

Finally, Mr. Nathan argues that Section 602 of the First Step Act of 2018 (the "First Step Act"), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018), requires the BOP to place Mr. Nathan in a halfway house for a full year and on home confinement for six months. This argument is rejected.

Under 18 U.S.C. § 3624(c)(1), the BOP has the authority to place inmates in community confinement facilities during the final portion of their sentences for up to 12 months. Specifically, the statute provides:

> **(1) In general.--**The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

*Id.* Section 602 of the First Step Act amended 18 U.S.C. § 3624(c)(2) to state:

> **(2) Home confinement authority.**--The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the

term of imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.

18 U.S.C.A. § 3624.

The First Step Act does not mandate that the BOP place prisoners at a halfway house or on home confinement for any specific period of time. Instead, Section 602 authorizes the Attorney General, not the courts, to modify the method of imprisonment from a BOP facility to a home confinement. It does not guarantee a prisoner a specific placement, it only directs the Director of the BOP to consider it.

It is not the Court's role to make halfway house and home confinement determinations. *See Davis v. United States*, No. 17-cr-294-DRH, 2017 WL 2214874, at *2 (S.D. Ill May 19, 2017) ("Petitioner's request in his Petition that this Court make an RRC determination in place of the BOP, it will not, as it is not the role of this Court to conduct an independent review of the § 3621(b) factors and make a de novo determination as to Petitioner's placement in a halfway house."). In fact, the Court has no authority to order the BOP to make any placement decisions under the First Step Act. *United States v. Edwards*, No. 3:14-CR-30173-NJR-3, 2019 WL 5555559, at *4 (S.D. Ill. Oct. 28, 2019).

Accordingly, Mr. Nathan's request for immediate release to a halfway house and/or court ordered placement on home confinement is **denied.**

**B. Sentence Calculation**

Mr. Nathan suggests that his sentence has been miscalculated because he has not received the Good Credit Time (GCT) to which he is entitled under the First Step Act. The United States argues that Mr. Nathan's sentence has been correctly calculated.

The Attorney General is responsible for computing the terms of imprisonment of federal prisoners for all offenses committed on or after November 1, 1987. *See United States v. Wilson*, 503 U.S. 329 (1992). The Attorney General has delegated that authority to the Bureau of Prisons. *See* 28 C.F.R. § 0.96. The computation of federal sentences is governed by 18 U.S.C. § 3585.

The Declaration of Angela Kelly, a Correctional Program Specialist at the Designation and Sentence Computation Center reflects how Mr. Nathan's sentence has been calculated. She explains that prior to the enactment of the First Step Act, Mr. Nathan was projected to earn 509 days of GCT during his 130-month term of imprisonment. Due to disciplinary infractions, however, he lost 448 days of GCT. Pursuant to the First Step Act, on July 19, 2019, the amount of credit time that BOP prisoners can earn was increased from 47 to 54 days per year. 18 U.S.C. § 3624(b)(1). On August 29, 2019, Mr. Nathan's GCT calculation was updated to reflect that additional GCT, specifically his 509 projected days were updated to 584 projected days. After subtracting 448 lost days, Mr. Nathan is now projected to earn a total of 136 days GCT during his sentence. See dkt. 11-1 at p. 2. At present, Mr. Nathan's full term-release date is March 17, 2021, but with good credit time, he could be released as early as November 1, 2020. *Id.*

Mr. Nathan has not identified any mathematical error in the calculation of his sentence nor any inconsistency with the requirements of 18 U.S.C. § 3585 in respect to that calculation.

## III. Conclusion

The record demonstrates that there is no error in the calculation of Mr. Nathan's sentence or his placement.

"A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States." *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Mr. Nathan has not made such a showing in this case. Accordingly, his petition for writ of habeas corpus must be denied and the action dismissed with prejudice.

**IT IS SO ORDERED.**

Date: 2/28/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

TYRONE NATHAN, SR.
14769-040
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Lara K. Langeneckert
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
lara.langeneckert@usdoj.gov